IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| SHAVON V. COLLINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-08680 |
| | ) (Criminal No. 2:12-00102) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 70).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 71.)

## FACTUAL AND PROCEDURAL BACKGROUND

A.     **Criminal Action No. 2:12-00102:**

On June 25, 2013, Movant pled guilty to a single count Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 2:12-00102, Document Nos. 32, 33 and 35.) A Presentence Investigation Report was prepared. (Id., Document No. 42.) The District Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 23, the Court having applied the following: A five-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(2)(A) because

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a firearm was discharged; A seven-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(3)(C) because the victim sustained permanent or life-threatening bodily injury; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document Nos. 39 and 42.) The District Court sentenced Movant on January 9, 2014, to a 84-month term of imprisonment to be followed by a three year term of supervised release. (Id., Document Nos. 38 - 40.)

On January 23, 2014, Movant filed his Notice of Appeal. (Id., Document No. 41.) In his appeal, Movant challenged the reasonableness of his sentence. (Id., Document No. 53.) On July 16, 2014, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.); United States v. Collins, 578 Fed.Appx. 262 (4th Cir. 2014). The United States Supreme Court denied Movant's petition for writ of certiorari on November 17, 2014. Collins v. United States, ___ U.S. ___, 135 S.Ct. 694 (2014).

**B.     Section 3582 Motion:**

On December 1, 2014, Movant, acting *pro se*, filed his letter-form Motion for Reduction of Sentence. (Id., Document No. 61.) By Memorandum Opinion and Order entered on September 18, 2017, the District Court denied Movant's Motion. (Id., Document No. 75.)

**C.     Section 2255 Motion:**

On April 4, 2016, Movant filed his "Motion and Inform the Honorable District Court that the Supreme Court Case Johnson vs. United States, 135 S.Ct. 2551 (2015) Applies." (Id., Document No. 65.) Movant argues that in light of Johnson, the "residual clause" of the ACCA and the career offender Guideline was declared unconstitutionally vague. (Id.) Movant, therefore, states that his "prior state convictions" were improperly considered to enhancement his sentence.

2


(Id.) On May 9, 2016, Movant filed a letter-form Motion requesting relief based upon his "Johnson claim." (Id., Document No. 66.) By Order and Notice entered on September 8, 2016, the District Court notified Movant of its intention to re-characterize his letter-form Motions (Document Nos. 65 and 66) as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 382-83 (2003). (Id., Document No. 69.) The District Court further ordered as follows:

> Defendant should consider his case and notify the court if he agrees to have his pending letter-form requests recharacterized as a § 2255 motion. It is hereby ORDERED that, by October 7, 2016, defendant shall inform the court, using the attached authorization, whether he wishes to have his request for review recharacterized and proceed with a section 2255 motion, or whether he contests such a recharacterization. If defendant agrees that his request for review should be considered undersection 2255, he is further ORDERED to complete the enclosed section 2255 form by October 28, 2016, listing any and all grounds for relief he wishes to pursue. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (holding that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). If defendant does not agree to the recharacterization, the accompanying civil action will be dismissed without prejudice.

(Id., p. 4.) The Clerk filed Movant's letter-form Motions (Document Nos. 65 and 66) as his Section 2255 Motion. (Id., Document No. 70.) Movant failed to comply the District Court's "Order and Notice" filed on September 8, 2016, or take any other action concerning his Johnson claim.

## ANALYSIS

**1.     Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

    The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). Movant's sentence became final on November 17, 2014, when the United States Supreme Court denied his petition for writ of certiorari. <u>United States v. Segers</u>, 271 F.3d 181, 184 (4th Cir. 2001)(finding that the one-year limitations period applicable to a Section 2255 motions begins to run on the date when the Supreme Court denies a petition for writ of certiorari, rather than on the later date when the Supreme Court denies a petition for rehearing). On September 8, 2016, nearly ten months after the one-year period expired, Movant filed the instant Motion raising issues challenging his sentence. (Document No. 70.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.[2]

    Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief "based on a new rule of constitutional law, previously unavailable, made retroactive." Movant relies upon <u>Johnson</u> in support of the foregoing. The undersigned will consider Movant's

---

[2] Movant presents no arguments supporting a claim that his Motion is timely pursuant to Section 2255(f)(2) or Section2255(f)(4).

4

argument that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant was convicted and sentenced under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Neither Section 922(g)(1) nor Section 924(a)(2) contain a "residual clause" subject to a Johnson claim. Movant's sentence was enhanced pursuant to U.S.S.G. §§ 2A2.2(b)(2)(A) and 2A2.2(b)(3)(C) because a firearm was discharged and the victim sustained permanent or life-threatening bodily

injury. To the extent Movant argues that Johnson should be extended to his sentencing enhancement under the Guidelines, Movant's claim is without merit. Unlike U.S.S.G. § 4B1.1 that contained a "residual clause" textually identical to the "residual clause" of the ACCA, U.S.S.G. §§ 2A2.2(b)(2)(A) and 2A2.2(b)(3)(C) do not contain such a "residual clause." Movant's sentencing enhancement was not dependent upon whether he was convicted of a "violent felony" or "crime of violence," but upon whether he discharged a firearm and caused permanent or life-threatening injury to the victim. Thus, Johnson is inapplicable to Movant's circumstances as Section 922(g)(1), Section 924(a)(2), U.S.S.G. § 2A2.2(b)(2)(A), and U.S.S.G. § 2A2.2(b)(3)(C) are not dependent upon any "residual clause" subject to a Johnson type challenge.[3] Furthermore, the issue concerning whether Johnson applies to the Guidelines has

---

[3] In *Sessions v. Dimaya*, the United States Supreme Court recently held that the residual clause contained in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). The Supreme Court reasoned that the logic of its decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), where the ACCA's "residual clause" was determined to be unconstitutionally vague, required the same result when considering the "residual clause" of 18 U.S.C. § 16(b). *Id.* at 1216. Since the residual clauses of Section 16(b) and Section 924(c)(3)(B) are nearly identical, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis for the other." *In re Hubbard*, 825 F.3d 225, 231 n. 3 (4th Cir. 2016). Based upon the *Dimaya* decision, the Fourth, Fifth, Tenth, and D.C. Circuit Courts have determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. *See United States v. Simms*, 914 F.3d 229, 233 (4th Cir. Jan. 24, 2019);[2] *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018); *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 2019 WL 98544(Jan. 4, 2019); and *United States v. Eshetu*, 898 F.3d 36 (D.C. Cir. 2018); *but also see United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018)(finding *Dimaya* does not require similar result for the residual clause of Section 924(c)); *In re Garrett*, 908 F.3d 686 (11th Cir. 2018)(same); *United States v. Barrett*, 903 F.3d 166 (2nd Cir. 2018)(same). The issue as to whether the "residual clause" in Section 924(c)(3)(B) is void for vagueness is currently pending before the United States Supreme Court in *United States v. Davis*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019). The Fourth Circuit, therefore, has stayed the mandate in *Simms* pending the United States Supreme Court's decision in *Davis*. In the instant case, however, there is no indication that *Dimaya* applies to Movant's circumstances. Based upon a review of Movant's underlying criminal case, there is no indication that Movant was sentenced

now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Accordingly, Movant's argument that the holding of Johnson extends to his sentence under the Guidelines is without merit.

**2.     Equitably Tolling:**

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit

---

under the "residual clause" of either Section 16(b) or Section 924(c)(3)(B). Thus, there is no

stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the

---

indication that Movant is entitled to relief under *Dimaya*.

undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 70) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 14, 2019.

Omar J. Aboulhosn
United States Magistrate Judge